IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN HOWELL                                                                                             PLAINTIFF

v.                                      Case No. 5:10CV00093 JLH

MAYOR CARL A. REDUS; IRENE HOLCOMB;
THELMA WALKER; WAYNE EASTERLY;
CHARLES BOYD; BILL BRUMETT; GLEN BROWN;
JANICE L. ROBERTS and GEORGE STEPPS, Individually
and as Mayor and Alderpersons for the City of Pine Bluff, Arkansas                DEFENDANTS

**OPINION AND ORDER**

John Howell, formerly the police chief for the City of Pine Bluff, commenced this action against Mayor Carl Redus, individually and in his official capacity as Mayor of the City of Pine Bluff, Arkansas; and against Irene Holcomb, Thelma Walker, Wayne Easterly, Charles Boyd, Bill Brumett, Glen Brown, Janice Roberts, and George Stepps, individually and in their capacities as members of the City Council of the City of Pine Bluff, alleging that he was terminated from his position as police chief in violation of the Age Discrimination in Employment Act and 42 U.S.C. § 1983. Howell has moved for a temporary restraining order and for a preliminary injunction. The defendants have moved to dismiss the claims against the members of the City Council and the claims against Mayor Redus in his individual capacity. For the following reasons, Howell's motions for a temporary restraining order and preliminary injunction are denied. The defendants' motion to dismiss the members of the City Council is granted, and the motion to dismiss the claims against Mayor Redus in his individual capacity is denied.

I.

Until March 8, 2010, Howell was the Chief of Police for the City of Pine Bluff, Arkansas. A meeting was held that day attended by Howell, Deputy Chief Robert Roby, Deputy Chief Ivan

Whitfield, Deputy Chief Ricky Whitmore, Mayor Redus, and Mayor Redus's assistant, Ted Davis. During the course of that meeting, Howell and Mayor Redus engaged in a conversation about implementing new initiatives to combat gun-related crimes in the community. At some point, Mayor Redus asked Howell how long it would take to implement an initiative. Howell responded that it would take approximately one year. Mayor Redus said that such a timeframe was unacceptable. Howell told Mayor Redus that if he was not satisfied, then "fire me," or words to that effect. Mayor Redus responded by firing Howell.

## II.

Howell has requested a preliminary injunction ordering the City of Pine Bluff to reinstate him or enjoining the City of Pine Bluff from hiring a permanent replacement for him. In considering whether to grant a preliminary injunction, a court must consider the four familiar *Dataphase* factors: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm; (3) the state of balance between the threat of harm and the injury that granting the injunction will inflict on other parties; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The district court's inquiry is an equitable one, requiring the court to consider "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id*. at 113. No single factor is determinative. *Id*. The party seeking a preliminary injunction bears the burden of proving the four factors. *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006); *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

**A.   THREAT OF IRREPARABLE HARM**

To warrant a preliminary injunction, a party must make a sufficient showing of irreparable harm. Even though the test is flexible, "under any test the movant is required to show the threat of

irreparable harm. Thus, the absence of a finding of irreparable injury is alone sufficient ground" to deny a preliminary injunction. *Dataphase*, 640 F.2d at 114 n.9 (citations omitted). *See also Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (same).

Howell asserts that there is a potential for irreparable harm to the constitutional rights of the citizens of Pine Bluff in that Mayor Redus allegedly has proposed a plan to curb the number of illegal guns on the streets of Pine Bluff allegedly involving Pine Bluff police "trading" guns for traffic tickets and that Mayor Redus allegedly has inserted himself into criminal investigations. He presented no evidence and no argument that he, personally, would suffer irreparable harm absent a preliminary injunction. If he prevails at trial, money damages will be adequate to compensate him for the loss of his job between the date he was fired and trial. The Supreme Court has stated:

> [I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. . . . The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Muray*, 415 U.S. 61, 90, 94 S. Ct. 937, 953, 39 L. Ed. 2d 166 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)) (emphasis in original). *See also Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp.*, 59 F.3d 80, 83 (8th Cir. 1995) ("Regarding preliminary injunctions to prevent an employer from discharging an employee, we have noted that while termination of employment harms the employee, the harm is not necessarily irreparable and can be compensated for by money damages."); *O'Connor v. Peru State College*, 728 F.2d 1001, 1003 (8th Cir. 1984) (an instructor in wrongful termination lawsuit was not entitled to

preliminary injunction because the harm was compensable by money damages); *see also Manila Sch. Dist. No. 15 v. Wagner*, 356 Ark. 149, 154-56, 148 S.W.3d 244, 247-48 (2004) (citing favorably the Eighth Circuit decisions in *O'Connor* and *Minnesota Ass'n of Nurse Anesthetists*).

## B.    REMAINING *DATAPHASE* FACTORS

Because Howell failed to establish that he will suffer irreparable harm absent preliminary relief, little needs to be said about the remaining three *Dataphase* factors: likelihood of success on the merits, the public interest, and the balance of harms. Because the "threshold inquiry is whether the movant has shown the threat of irreparable injury[,] . . . the movant's failure to sustain its burden of proving irreparable harm ends the inquiry and the denial of the injunctive request is warranted." *Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir. 1991) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418, 420 (8th Cir. 1987)) (internal citation and quotes omitted). *See also Washington v. Ladue Sch. Dist. Bd. of Educ.*, 564 F. Supp. 2d 1054, 1058 (E.D. Mo. 2008) ("Because Plaintiff has failed to establish irreparable harm, there can be no balancing with the remaining factors to be considered in the determination of whether to issue a preliminary injunction."); *Carter v. Buhler*, 2005 WL 1926047, at *2 (E.D. Mo. Aug. 10, 2005) (same); *Easy Returns Worldwide, Inc. v. United States*, 266 F. Supp. 2d 1014, 1018 (E.D. Mo. 2003) (same); *Circle R, Inc. v. Smithco Mfg., Inc.*, 919 F. Supp. 1272, 1301 (N.D. Iowa 1996) ("[T]he court does not necessarily have to consider likelihood of success on the merits before disposing of a motion for a preliminary injunction on the basis of a lack of irreparable harm.") (citing *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994)).

Of course, the issues in this lawsuit will have an impact on the public interest, but the evidence presented did not show that that factor weighs significantly in favor of one party or the other. Likewise, the balance of harms to each party does not weigh heavily one way or the other.

As to the likelihood of success on the merits, the evidence did not weigh so heavily in favor of Howell as to overcome the failure to establish irreparable harm.

### III.

As mentioned, the defendants have filed two motions to dismiss. First, the defendants moved to dismiss the claims against the members of the City Council in their individual capacities. Second, the defendants moved to dismiss the claims against Mayor Redus in his individual capacity.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

A.   MEMBERS OF THE CITY COUNCIL

The defendants moved to dismiss the claims against Irene Holcomb, Thelma Walker, Wayne Easterly, Charles Boyd, Bill Brumett, Glen Brown, Janice Roberts, and George Stepps pursuant to Federal Rule of Civil Procedure 12(b)(6). To prevail under section 1983, a plaintiff must show that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981). The complaint alleges that the Pine Bluff City Council voted 5-3 to reinstate Howell but that the vote was short of the two-thirds majority required to override Mayor Redus's decision. Otherwise, the complaint makes no factual allegations against the members of the City Council. The complaint does not allege that any member of the City Council acted based on a discriminatory motive or violated rights guaranteed to Howell by the Constitution or laws of the United States. Therefore, the motion to dismiss Irene Holcomb, Thelma Walker, Wayne Easterly, Charles Boyd, Bill Brumett, Glen Brown, Janice Roberts, and George Stepps is granted. Howell's claims against them are dismissed without prejudice.

B.   MAYOR REDUS IN HIS INDIVIDUAL CAPACITY

Mayor Redus has also moved to dismiss the claims made against him in his individual capacity. Redus argues that the termination of a Chief of Police can only be done by a mayor acting within his official capacity, citing Ark. Code Ann. § 14-42-110. Redus says that he had no authority in an individual capacity to terminate Howell, and that his only authority to terminate Howell was in his capacity as Mayor of Pine Bluff. Because Howell's complaint is one for wrongful termination, Redus argues that Howell has not stated a claim for relief against him in his individual capacity.

A state or local official who makes an employment decision in his official capacity may be liable in his individual capacity under 42 U.S.C. § 1983. *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358,

6

116 L. Ed. 2d 301 (1999). Redus's argument is premised on the assumption that, as a matter of law, he is not subject to suit in his individual capacity because he acted in his official capacity. That assumption is incorrect.

## CONCLUSION

For the reasons stated above, Howell's motions for an immediate temporary restraining order and a preliminary injunction are DENIED. Documents #1 and #17. The defendants' motion to dismiss the members of the City Council is GRANTED. Document #13. Howell's claims against Irene Holcomb, Thelma Walker, Wayne Easterly, Charles Boyd, Bill Brumett, Glen Brown, Janice Roberts, and George Stepps are dismissed without prejudice. Mayor Redus's motion to dismiss the section 1983 claims against him in his individual capacity is DENIED. Document #15.

IT IS SO ORDERED this 12th day of May, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE